U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - ALEXANDRIA

JAN - 9 2009

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| GREGORY DON SEARLS<br>LA. DOC. #119196 | DOCKET NO. 08-CV-889; SEC. "P" |
| VERSUS | JUDGE DEE D. DRELL |
| CORRECTIONS CORPORATION OF<br>AMERICA, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Pro se Plaintiff Gregory Don Searls, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983. Plaintiff named as defendants the Corrections Corporation of America ("CCA"), and Winn Correctional Center employees: Warden Tim Wilkinson, Medical Director Pat Thomas, Nurse Practitioner Kathy Richardson, and Dr. Pacheco. Plaintiff sought only injunctive relief. He was ordered to amend his complaint, and his complaint and amended complaints are now before the Court for review, report, and recommendation pursuant to 28 U.S.C. § 626 and the standing orders of this Court.

### FACTS

Plaintiff claims that he is being denied emergency medical care, resulting in cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. He also claims that Defendants are liable for medical malpractice. Plaintiff asks that he be immediately transported to LSU Hospital in Shreveport for an MRI of his entire body to look for a possible injury to his

medulla oblongata, spinal cord, and the vertebrae in his back and neck.

## LAW AND ANALYSIS

Rule 8 of the Federal Rules of Civil Procedure does not require explicit detail, but it does require a plaintiff to allege specific facts that support the conclusion that his constitutional rights were violated by each person who is named as a defendant. Plaintiff was ordered to amend his complaint to provide factual allegations as to how each named defendant violated his constitutional rights. Plaintiff claimed that he was being denied proper medical care, that he suffers from partial paralysis and a neck injury, and that he needs to be taken to the hospital for an MRI.

Plaintiff was ordered to amend his complaint to state how and when he injured his neck and/or back; the nature and extent of his injury; the dates and number of times he requested medical treatment at Winn Correctional; the dates and number of times he went to the infirmary and was examined by medical staff; what, if any, treatment he received for each sick call that he made at Winn; and which, if any, medical professionals ordered or recommended that he have an MRI or further testing. Plaintiff was also asked to provide the Court with a copy of his medical records, requests for medical treatment, and administrative grievances.

Plaintiff clearly understood the Court's order as he stated in

his amended complaint that he had been asked by the Court to "particularize the who did what, when, where and hows" of his claim. [Doc. #20, p.1] Yet, Plaintiff provided none of the information that the Court ordered him to provide, and submitted none of the records that the Court ordered him to submit. Regardless, Plaintiff's claim is moot. Plaintiff sought injunctive relief only, and he has been transferred to another prison - Allen Correctional Center. [Doc. #20, p.2] See Herman v. Holiday, 238 F.3d 660 (5th Cir. 2001)(even if inmate was able to establish constitutional violation, his transfer to another prison rendered moot his claim for declaratory and injunctive relief)(citing Cooper v. Sheriff, Lubbock County, Tex., 929 F.2d 1078, 1084 (5th Cir. 1991)(prisoners who were no longer in Retrieve Unit could not seek injunctive relief against conditions of confinement there). Any suggestion of relief based on the possibility of a transfer back to WCC is too speculative to warrant relief. See id. at 665 (citing Bailey v. Southerland, 821 F.2d 277, 279 (5th Cir. 1987).

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's claim be **DISMISSED as MOOT**.

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk**

of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this ____ day of _____, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE